PROB. 12B
(7/93)

# ORIGINAL

## United States District Court

for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 05 2006

at __10__ o'clock and __00__ min. __A__ M
SUE BEITIA, CLERK

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: CASEY J. KEALOHA          Case Number: CR 02-00543DAE-01

Name of Sentencing Judicial Officer:    The Honorable David Alan Ezra
                                        U.S. District Judge

Date of Original Sentence: 11/25/2003

Original Offense:    Burglary of a Residence, in violation of Hawaii Revised Statute (HRS) § 708-810 and 18 U.S.C. § 13, a Class C felony

Original Sentence:   Fifteen (15) months imprisonment, to be followed by three (3) years supervised release. The Court imposed the following special conditions: 1) That the defendant participate in a substance abuse program, which must include drug testing at the discretion and direction of the Probation Office; 2) That the defendant is prohibited from possessing any illegal or dangerous weapons; 3) That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office; 4) That the defendant shall attend adult education classes to obtain her General Educational Development (GED) certificate. Thereafter, the defendant shall either attend community college, secure full-time employment, or a combination thereof, at the discretion and direction of the Probation Office; 5) That the defendant shall have a 7:00 p.m. curfew for the first year-and-a-half of supervision. The defendant shall be allowed to extend her curfew to attend night classes or when she is accompanied by her parents or siblings, at the discretion and direction of the Probation Office; and 6) Defendant shall pay restitution of $64 immediately to Larry and Melanie Ann Greengo at the address to be furnished to the Clerk's Office, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income.

Prob 12B
(7/93)

2

| | |
|---|---|
| Modified Sentence: | On 8/18/2004, Your Honor modified the conditions of supervised release to include: 7) That the defendant perform 72 hours of community service as directed by the Probation Office. |
| Modified Sentence: | On 11/10/2004, Your Honor modified the conditions of supervised release to include: 8) That the defendant serve three (3) months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at her place of residence during nonworking hours and shall not leave her residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office. |
| Modified Sentence: | On 1/24/2005, Your Honor modified the conditions of supervised release to include: 9) That the defendant serve an additional two (2) months of home detention with electronic monitoring, for a total of five (5) months, as arranged by the Probation Office. During this time, the defendant shall remain at her place of residence during nonworking hours and shall not leave her residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office. |
| Revocation Offense and Sentence: | On 4/28/2006, the subject's supervised release was revoked for the following violations: 1) failing to answer truthfully all inquiries by the Probation Officer and follow instructions of the Probation Officer; 2) failing to report to the Probation Officer on 12/19/2005, 1/3/2006, 1/4/2006, 1/5/2006, 1/6/2006, 1/9/2006, 1/10/2006, and 1/11/2006; 3) failing to notify the Probation Officer ten (10) days prior to any change in employment; and 4) failing to submit a truthful and complete written report within the first five days of each month, for the months of October 2005 and November 2005. The subject was sentenced by Your Honor to time served (8 days) to be followed by twenty-four (24) months of supervised release. No special conditions were imposed. |

Prob 12B
(7/93)

3

| | |
|---|---|
| Modified Sentence: | On 6/13/2006, Your Honor modified the conditions of supervised release to include: 1) That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment. |

Type of Supervision: Supervised Release    Date Supervision Commenced: 4/28/2006

## PETITIONING THE COURT

[X]  To modify the conditions of supervision as follows:

    *Special Condition No. 2:*  *That the defendant serve three (3) months community confinement in a residential reentry center such as Mahoney Hale, as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.*

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. Standard Condition No. 7 and General Condition | The subject admitted using methamphetamine and marijuana on approximately 6/11/2006. |
| 2. Standard Condition No. 6 | The subject failed to notify the Probation Officer ten (10) days prior to any change in residence. |
| 3. Standard Condition No. 2 | The subject failed to submit a truthful and complete written report within the first five days of each month, for the month of May 2006. |

    On 6/8/2006, Your Honor was notified that the subject's urine specimen of 5/3/2006 tested positive for marijuana. The subject admitted using marijuana, but claimed that her use was all prior to her apprehension and the revocation of her first supervised release term. The subject was admonished and warned that further illicit drug use would not be tolerated. Our office recommended that the Court modify the subject's conditions of supervision to include Special Condition No. 1, which would require the subject to participate in substance abuse counseling and random drug testing as part of treatment. Your Honor concurred with this recommendation.

Prob 12B
(7/93)

4

This report serves to notify the Court of the subject's additional supervised release violations.

On 6/12/2006, this officer was notified by the subject's aunt, Jodi Horcajo, that the subject had not been living at her reported place of residence for three (3) days. The subject was last seen packing her belongings into her car, which she is the owner of but does not possess a valid driver's license to legally drive. The subject's car was later seen in the Kahana area of the Windward side of O'ahu by family members and she was believed to be staying in that general vicinity.

On 6/14/2006, this officer was notified by the subject's sister, Charlotte Charles, that the subject was located in the Hauula area and brought back by family to her residence on the evening of 6/13/2006. On 6/14/2006, this officer and Probation Officer Assistant Alysa Makahanaloa conducted a home inspection of the subject's residence. Per the General Condition, she was instructed to submit a urine specimen for drug testing. The urine specimen was tested with a non-instrumented drug testing (NIDT) device and was presumptively positive for methamphetamine and marijuana. The subject admitted that she used methamphetamine and marijuana over the weekend. She further stated that she became stressed out and decided to escape her problems by driving her car to the Windward side and visit old friends. She admitted that these associations led her to return to methamphetamine and marijuana use. The subject was admonished for temporarily absconding from her residence, driving her car without a license, and using illicit drugs. Due to the lack of a signature on the chain of custody form, the presumptive positive urine test of 6/14/2006 was not confirmed by the laboratory.

On 6/26/2006, the undersigned was notified by the subject's sister, Charlotte Charles, that the subject had not been home since 6/23/2006. The subject reportedly stayed away from her home from 6/21/2006 to 6/23/2006. Reportedly, an argument had ensued and the subject was instructed to move out. The subject's whereabouts were unknown to our office until 6/28/2006, when the subject called this officer by telephone and informed our office that she had been living in her car parked at the beach. The subject was reprimanded for not contacting our office earlier. The subject has been instructed to reside with her father, Llewellyn Kealoha, until her placement at Mahoney Hale is approved. The subject has been warned that further periods where her whereabouts are unknown will not be tolerated.

An additional violation includes the subject's failure to submit a monthly supervision report by the fifth of the month. The subject did not submit a report for the month of May 2006 until 6/22/2006.

In an effort to stabilize the subject and motivate her to comply with the conditions of supervision, our office has confirmed with Mahoney Hale that immediate bed space is available in their facility for the subject. We believe that such a placement would assist our office in monitoring the subject's behavior closer in the community, while allowing her to continue her attendance in college, seek employment, and attend substance

Prob 12B
(7/93)

5

abuse counseling and drug testing at Freedom Recovery Services (FRS). Therefore, we respectfully recommend that the Court modify the conditions of supervision to include Special Condition No. 2 as stated in this report.

    Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives her right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed changes.

Respectfully submitted by,

*Frank M. Condello II*

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

*Timothy M. J—*

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 6/30/2006

---

THE COURT ORDERS:

[ X ] The Modification of Conditions as Noted Above
[   ] Other

_____
DAVID ALAN EZRA
U.S. District Judge

July 3, 2006
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]    To modify the conditions of supervision as follows:

    *Special Condition No. 2:*    *That the defendant serve three (3) months community confinement in a residential reentry center such as Mahoney Hale, as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.*

Witness: *[signature]*         Signed: *[signature]*
FRANK M. CONDELLO, II         CASEY J. KEALOHA
U.S. Probation Officer         Supervised Releasee

6/21/2006
Date