Prob 12C
(Rev. 1/06 D/HI)

**ORIGINAL**

# SEALED BY ORDER OF THE COURT
## United States District Court
### for the
### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB - 5 2007

at __10__ o'clock and __15__ min __A__ M
SUE BEITIA, CLERK

U.S.A. vs. CASEY J. KEALOHA                           Docket No. CR 02-00543DAE-01

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

   COMES NOW FRANK M. CONDELLO, II, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of CASEY J. KEALOHA, who was placed on supervision by the Honorable David Alan Ezra, sitting in the Court at Honolulu, Hawaii, on the 25th day of November 2003, who fixed the period of supervision at three (3) years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which must include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

4. That the defendant shall attend adult education classes to obtain her General Educational Development (GED) certificate. Thereafter, the defendant shall either attend community college, secure full-time employment, or a combination thereof, at the discretion and direction of the Probation Office.

5. That the defendant shall have a 7:00 p.m. curfew for the first year and a half of supervision. The defendant shall be allowed to extend her curfew to attend night classes or when she is accompanied by her parents or siblings, at the discretion and direction of the Probation Office.

6. Defendant shall pay restitution of $64 immediately to Larry and Melanie Ann Greengo at the address to be furnished to the Clerk's Office, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than ten (10) percent of her monthly gross income.

SEALED BY ORDER OF THE COURT

On 8/18/2004, the subject's conditions of supervision were modified by Your Honor to include the following:

7. That the defendant perform seventy-two (72) hours of community service as directed by the Probation Office.

On 11/10/2004, the subject's conditions of supervision were modified by Your Honor to include the following:

8. That the defendant serve three (3) months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at her place of residence during nonworking hours and shall not leave her residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

On 1/24/2005, the subject's conditions of supervision were modified by Your Honor to include the following:

9. That the defendant serve an additional two (2) months of home detention with electronic monitoring, for a total of five (5) months, as arranged by the Probation Office. During this time, the defendant shall remain at her place of residence during nonworking hours and shall not leave her residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

On 4/28/2006, the Court revoked the subject's supervised release for the following violations: 1) failing to answer truthfully all inquiries by the Probation Officer and follow instructions of the Probation Officer; 2) failing to report to the Probation Officer on 12/19/2005, 1/3/2006, 1/4/2006, 1/5/2006, 1/6/2006, 1/9/2006, 1/10/2006, and 1/11/2006; 3) failing to notify the Probation Officer ten (10) days prior to any change in employment; and 4) failing to submit a truthful and complete written report within the first five days of each month, for the months of October 2005 and November 2005. The subject was sentenced to time served, to be followed by twenty-four (24) months of supervised release. No special conditions were imposed.

On 6/13/2006, the Court modified the conditions of supervised release as follows:

1. That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.



Prob 12C
(Rev. 1/06 D/HI)

3

On 7/3/2006, the Court modified the conditions of supervised release as follows:

2. That the defendant serve three (3) months community confinement in a residential reentry center such as Mahoney Hale, as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the subject has violated the conditions of her supervised release (Probation Form 7A attached) as follows:

1. The subject's urine specimens of 5/3/2006 and 1/17/2007 tested positive for marijuana, and her urine specimen of 1/10/2007 tested positive for methamphetamine, in violation of Standard Condition No. 7 and the General Condition.

2. The subject admitted using methamphetamine and marijuana on approximately 6/11/2006, and she admitted using methamphetamine on approximately 1/14/2007, in violation of Standard Condition No. 7 and the General Condition.

3. The subject refused to comply with drug testing on 8/7/2006, 10/25/2006, 11/21/2006, 12/15/2006, 1/2/2007, and 1/15/2007, in violation of Special Condition No. 1.

4. The subject failed to notify the Probation Officer ten (10) days prior to any change in residence, in violation of Standard Condition No. 6.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev. 1/06 D/HI)

4

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on 2/1/2007

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

---

ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 1st day of February, 2007, and ordered filed and made a part of the records in the above case.

DAVID ALAN EZRA
U.S. District Judge

Re:     **KEALOHA, Casey J.
        Criminal No. CR 02-00543DAE-01
        REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

The subject pled guilty to Burglary of a Residence, a Class C felony. On 11/25/2003, the subject was sentenced by Your Honor to fifteen (15) months imprisonment and three (3) years supervised release. The subject began her first supervised release term on 1/9/2004.

On 4/28/2006, the subject's supervised release was revoked and Your Honor sentenced her to time served (the subject was in custody from 4/20/2006 to 4/28/2006) and a twenty-four (24) month term of supervised release. The special conditions are noted on pages 2 and 3 of the petition.

**Violation Nos. 1 and 2 - Urine Specimens of 5/3/2006 and 1/17/2007 Tested Positive for Marijuana, and Urine Specimen of 1/10/2007 Tested Positive for Methamphetamine, and Admitted Using Methamphetamine and Marijuana on Approximately 6/11/2006, and Admitted Using Methamphetamine on Approximately 1/14/2007**: On 5/3/2006, the subject reported to the Probation Office and per the General Condition was instructed to submit a urine specimen for drug testing. The urine specimen was tested with a non-instrumented drug testing device (NIDTD) and was presumptively positive for marijuana. The subject denied using marijuana but admitted that she was in the company of others using marijuana while she was an absconder from her first supervised release term. After our office received confirmation from the laboratory that the specimen of 5/3/2006 was positive for marijuana, the subject admitted that she had lied to this officer and had used marijuana. However, she claimed that her marijuana use was all prior to her apprehension and the revocation of her first supervised release term. The subject was admonished for her lack of honesty and warned that future illicit drug use would not be tolerated. On 6/8/2006, Your Honor was notified of the subject's drug use. Our office recommended that the subject's conditions of supervision be modified to include Special Condition No. 1, which would require the subject to participate in substance abuse counseling and random drug testing as part of treatment. Your Honor concurred with this recommendation.

On 6/30/2006, Your Honor was informed that on 6/14/2006, this officer and Probation Officer Assistant Alysa K. Makahanaloa conducted a home inspection of the subject's residence. Per the General Condition, she was instructed to submit a urine specimen for drug testing. The urine specimen was tested with an NIDTD and was presumptively positive for methamphetamine and marijuana. The subject admitted that she used methamphetamine and marijuana over the weekend. She further stated that she became stressed out and decided to escape her problems by driving her car to the Windward side of O'ahu and visit old friends. She admitted that these associations led her to return to methamphetamine and marijuana use. Due to the lack of a signature on the chain of custody form, the presumptive positive test of 6/14/2006 was not confirmed positive by the laboratory. Nonetheless, our office recommended that the Court modify the subject's conditions of supervision to include

Re:   **KEALOHA, Casey J.**
      **Criminal No. CR 02-00543DAE-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 2**


Special Condition No. 2, which would require the subject to serve three (3) months community confinement at the Mahoney Hale Residential Reentry Center. Your Honor concurred with this recommendation. The subject resided at Mahoney Hale from 7/10/2006 to 10/9/2006 and received a successful discharge from the program.

On 1/10/2007, the subject submitted a urine specimen at the Probation Office per the General Condition, which tested presumptively positive for methamphetamine using an NIDTD. The subject denied any illicit drug use. The urine specimen was later confirmed to be positive for methamphetamine by a laboratory. On 1/17/2007, the subject was again confronted about the drug test on 1/10/2007 and again the subject denied using methamphetamine. The subject was warned that our office may not have any alternative to moving for revocation if she was not willing to admit to her drug use.

On 1/17/2007, the subject submitted a urine specimen at the Probation Office per the General Condition, which tested presumptively positive for methamphetamine and marijuana. When questioned, the subject admitted using methamphetamine over the past weekend but denied using marijuana. The specimen was later confirmed to be positive for marijuana but negative for methamphetamine. A possible explanation for the negative result would be that the level of methamphetamine in the subject's urine fell below the nationally recognized cut off level for this drug. It is also worth noting that marijuana remains in a person's urine for a considerably longer period than methamphetamine.

The Court should note that the subject continues to deny using methamphetamine with respect to the 1/10/2007 drug test which was confirmed positive by a laboratory, but admits using methamphetamine with respect to the 1/17/2007 drug test.

**Violation No. 3 - Refusing to Comply With Drug Testing on 8/7/2006, 10/25/2006, 11/21/2006, 12/15/2006, 1/2/2007, and 1/15/2007**: Per Special Condition No. 1, our office referred the subject to Freedom Recovery Services (FRS) for substance abuse counseling and random drug testing. Our office was informed by FRS that on 8/7/2006, 10/25/2006, 11/21/2006, 12/15/2006, 1/2/2007, and 1/15/2007, the subject failed to submit a urine specimen for testing. As the subject was oriented to the requirements of the drug testing program, she is charged with refusal to comply with drug testing.

With respect to the drug test on 8/7/2006, the subject claimed that she missed her drug test because she was busy working on a paper for school at Remington College. The subject was admonished and warned to make drug testing a priority. With respect to the drug test on 10/25/2006, the subject claimed that she likely missed the test because she had no telephone at home to call with. She would borrow her father's or brother's cell phone when she was able to. The subject further claimed that she had purchased her own cell phone and that calling

Re:   KEALOHA, Casey J.
      **Criminal No. CR 02-00543DAE-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 3**

would no longer be a problem for her. The subject was admonished and warned to be more careful. With respect to the drug test on 11/21/2006, the subject admitted that she may have forgotten to call due to attending school in the day time and working at night. The subject was admonished and instructed by this officer to purchase a calendar and to check off each date after she had called FRS for drug testing instructions. With respect to the drug tests on 12/15/2006, 1/2/2007, and 1/15/2007, the subject claimed that she lost her cell phone and was again experiencing difficulty finding a telephone to use for calling the drug program. She also admitted that she may have forgotten to call for testing instructions. The subject was repeatedly warned that her refusal to comply with drug testing could result in the revocation of her supervised release.

**Violation No. 4 - Failure to Notify the Probation Officer ten (10) Days Prior to any Change in Residence**: On 6/12/2006, this officer was notified by the subject's aunt, Jodi Horcajo, that the subject had not been living at her reported place of residence for three (3) days. The subject was last seen packing her belongings into her car, which she is the owner of but does not possess a valid driver's license to legally drive. The subject's car was later seen in the Kahana area of the Windward side of O'ahu by family members and she was believed to be staying in that general vicinity.

On 6/14/2006, this officer was notified by the subject's sister, Charlotte Charles, that the subject was located in the Hauula area and brought back by family to her residence on the evening of 6/13/2006. On 6/26/2006, the undersigned was again contacted by the subject's sister, Charlotte Charles, and told that the subject had not been home since 6/23/2006. The subject also reportedly stayed away from her home from 6/21/2006 to 6/23/2006. Reportedly, an argument had ensued and the subject was instructed to move out. The subject's whereabouts were unknown to our office until 6/28/2006, when the subject called this officer by telephone and informed our office that she had been living in her car parked at the beach. The subject was reprimanded for not contacting our office sooner. On 6/30/2006, Your Honor was notified of the subject's conduct. As a result of this and other conduct outlined in this report, the subject's conditions of supervision were modified to require that she reside at Mahoney Hale for three (3) months.

Re:   KEALOHA, Casey J.
      Criminal No. CR 02-00543DAE-01
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 4**

    It is very concerning to our office that the subject has continued to use methamphetamine and marijuana while on supervision. Although she has managed to attend school and work for the majority of her supervised release term, she has actually performed worse during her second supervised release term, as evidenced by her many missed drug tests and continued drug use. She has also not been forthright when confronted about her drug use. As a result, additional substance abuse counseling such as residential treatment is not considered appropriate at this time. Based on the above, we respectfully recommend that the Court issue a no bail warrant for her appearance to show cause why supervised release should not be revoked.

Respectfully submitted by,

*/s/ Frank M. Condello II*
FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

*/s/ Timothy M. Jenkins*
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

FMC/dck

Re:     **KEALOHA, Casey J.**
          **Criminal No. CR 02-00543DAE-01**
          **REVOCATION OF SUPERVISED RELEASE**
          **STATEMENT OF FACTS - Page 5**

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

That the defendant shall submit her person, residence, place of employment or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

PROB 7A
(Rev. 9/00; D/HI 10/05)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

FOR THE

## DISTRICT OF HAWAII

To:   CASEY J. KEALOHA                              Docket No.  CR 02-00543DAE-01

     Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable David Alan Ezra, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of 2 years commencing upon release from confinement.

     The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

     The defendant shall not commit another federal, state, or local crime.

     That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [ ] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

     If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)  The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)  The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support his or her dependents and meet other family responsibilities;

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

See next page for special conditions

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) X _____    X 5/3/06
            CASEY J. KEALOHA, Defendant         Date

          _____    5/3/06
          FRANK M. CONDELLO, II               Date
          U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 10/05)

RE: CASEY J. KEALOHA
Docket No. CR 02-00543DAE-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) X _____  X 5/3/06
CASEY J. KEALOHA, Defendant        Date

_____  5/3/06
FRANK M. CONDELLO, II              Date
U.S. Probation Officer