Prob 12C
(Rev. 1/06 D/HI)

# SEALED BY ORDER OF THE COURT
## United States District Court

**for the**

**DISTRICT OF HAWAII**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 03 2007

at ___ o'clock and ___ min ___ M.
SUE BEITIA, CLERK

U.S.A. vs. <u>CASEY J. KEALOHA</u>                    Docket No. <u>CR 02-00543DAE-01</u>

### REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW FRANK M. CONDELLO, II, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of CASEY J. KEALOHA who was placed on supervision by the Honorable David Alan Ezra, sitting in the Court at Honolulu, Hawaii, on the 25th day of November 2003, who fixed the period of supervision at three (3) years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1.  That the defendant participate in a substance abuse program, which must include drug testing at the discretion and direction of the Probation Office.

2.  That the defendant is prohibited from possessing any illegal or dangerous weapons.

3.  That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

4.  That the defendant shall attend adult education classes to obtain her General Educational Development (GED) certificate. Thereafter, the defendant shall either attend community college, secure full-time employment, or a combination thereof, at the discretion and direction of the Probation Office.

5.  That the defendant shall have a 7:00 p.m. curfew for the first year and a half of supervision. The defendant shall be allowed to extend her curfew to attend night classes or when she is accompanied by her parents or siblings, at the discretion and direction of the Probation Office.

6.  Defendant shall pay restitution of $64 immediately to Larry and Melanie Ann Greengo at the address to be furnished to the Clerk's Office, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than ten (10) percent of her monthly gross income.

On 8/18/2004, the offender's conditions of supervision were modified by Your Honor to include the following:

7. That the defendant perform seventy-two (72) hours of community service as directed by the Probation Office.

On 11/10/2004, the offender's conditions of supervision were modified by Your Honor to include the following:

8. That the defendant serve three (3) months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at her place of residence during nonworking hours and shall not leave her residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

On 1/24/2005, the offender's conditions of supervision were modified by Your Honor to include the following:

9. That the defendant serve an additional two (2) months of home detention with electronic monitoring, for a total of five (5) months, as arranged by the Probation Office. During this time, the defendant shall remain at her place of residence during nonworking hours and shall not leave her residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

On 4/28/2006, the Court revoked the offender's supervised release for the following violations: 1) Failing to answer truthfully all inquiries by the Probation Officer and follow instructions of the Probation Officer; 2) Failing to report to the Probation Officer on 12/19/2005, 1/3/2006, 1/4/2006, 1/5/2006, 1/6/2006, 1/9/2006, 1/10/2006, and 1/11/2006; 3) Failing to notify the Probation Officer ten (10) days prior to any change in employment; and 4) Failing to submit a truthful and complete written report within the first five days of each month, for the months of October 2005 and November 2005. The offender was sentenced to time served, to be followed by twenty-four (24) months of supervised release. No special conditions were imposed.

On 6/13/2006, the Court modified the conditions of supervised release as follows:

1. That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

Prob 12C
(Rev. 1/06 D/HI)

3

On 7/3/2006, the Court modified the conditions of supervised release as follows:

2.   That the defendant serve three (3) months community confinement in a residential reentry center such as Mahoney Hale, as arranged by the Probation Office.  While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

On 2/13/2007, the Court revoked the offender's supervised release for the following violations: 1) The offender's urine specimens of 5/3/2006 and 1/17/2007 tested positive for marijuana, and her urine specimen of 1/10/2007 tested positive for methamphetamine; 2) The offender admitted using methamphetamine on approximately 1/14/2007; and 3) The offender refused to comply with drug testing on 8/7/2006, 10/25/2006, 11/21/2006, 12/15/2006, 1/2/2007, and 1/15/2007.  The offender was sentenced to four (4) months imprisonment to be followed by twenty (20) months of supervised release.  The following special conditions were imposed:

1.   That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office.  The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2.   That the defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

3.   That the defendant serve up to 6 months community confinement, in a residential reentry center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office.  While serving the term of community confinement, the defendant shall obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of her supervised release (Judgment attached) as follows:

1.   The offender's urine specimen taken as part of the treatment regimen submitted on 11/26/2007 tested positive for methamphetamine, in violation of Standard Condition No. 7.

2.   On or about 11/26/2007, the offender associated with persons engaged in criminal activity, in violation of Standard Condition No. 9.

Prob 12C
(Rev. 1/06 D/HI)

4

3.   The offender admitted using methamphetamine on 11/28/2007, in violation of the General Condition.

4.   The offender refused to comply with drug testing that was part of the treatment regimen on 8/27/2007 and 9/26/2007, in violation of Special Condition No. 1.

5.   The offender failed to attend outpatient substance abuse counseling at Freedom Recovery Services on 9/18/2007 and 9/25/2007, in violation of Special Condition No. 1.

6.   The offender failed to submit a monthly supervision report for the months of September 2007 and October 2007, in violation of Standard Condition No. 2.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.  The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on ___12/3/2007___

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/HI)

5

====================================================================

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.  The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 3rd day of December, 2007, and ordered filed and made a part of the records in the above case.

_____
DAVID ALAN EZRA
U.S. District Judge

Re:     **KEALOHA, Casey J.**
        **Criminal No. CR 02-00543DAE-01**
        **REVOCATION OF SUPERVISED RELEASE**


## STATEMENT OF FACTS

The offender pled guilty to Burglary of a Residence, a Class C felony.  On 11/25/2003, the offender was sentenced by Your Honor to fifteen (15) months imprisonment and three (3) years supervised release.  The offender began her first supervised release term on 1/9/2004.

On 4/28/2006, the offender's supervised release was revoked and Your Honor sentenced her to time served (the offender was in custody from 4/20/2006 to 4/28/2006) and a twenty-four (24) month term of supervised release.

On 2/13/2007, the offender's second supervised release term was revoked and Your Honor sentenced her to four (4) months imprisonment and twenty (20) months of supervised release to follow.  The offender's third supervised release term began on 6/6/2007.  The special conditions are noted on page 3 of the petition.

The offender's adjustment has been guarded.  Although she has maintained gainful employment throughout the majority of her supervised release term, she has had several violations of program rules at Mahoney Hale.  On one occasion, she was seen having physical contact with a male resident while on job search.  On another occasion, the offender was seen associating with a different male resident of Mahoney Hale at a city park.  The offender has now resorted to methamphetamine use and appears to not have been completely forthright about the circumstances of her illicit drug use.

**Violation No. 1 - Urine Specimen Taken as Part of the Treatment Regimen Submitted on 11/26/2007 Tested Positive for Methamphetamine; Violation No. 2 - Associated With Persons Engaged in Criminal Activity; and Violation No. 3 - Admitted Using Methamphetamine on 11/28/2007**:  Per the special condition, the offender was referred to Freedom Recovery Services (FRS) for substance abuse counseling and random drug testing.  As part of the treatment regimen, the offender submitted a urine specimen at FRS on 11/26/2007.  The specimen was tested with a non-instrumented drug testing device (NIDTD) and was presumptively positive for methamphetamine.  The urine specimen was forwarded to a laboratory and confirmed to be positive for methamphetamine **(Violation No. 1)**.  The offender denied using methamphetamine but admitted that on 11/26/2007, she was in the company of persons who were using methamphetamine.  Specifically, the offender admitted that she was waiting for the bus in Nanakuli and while waiting she entered a tent where homeless people were smoking methamphetamine.  She remained in the tent and admitted that she engaged in gambling with these individuals **(Violation No. 2)**.  She denied that she used methamphetamine.  The offender explained that the presumptive positive drug test was due to second-hand inhalation.  The offender was admonished for associating with persons engaged in illicit drug use and informed that it was unlikely that second-hand

Re:   **KEALOHA, Casey J.**
      **Criminal No. CR 02-00543DAE-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 2**

inhalation would cause a positive urine specimen.  The offender remained adamant that she did not use methamphetamine.

On 11/30/2007, the offender submitted a urine specimen for testing at Mahoney Hale Residential Reentry Center.  As part of the program, residents are required to submit to random drug testing.  The specimen was tested with an NIDTD and found to be presumptively positive for methamphetamine.  When confronted by this officer, the offender admitted using methamphetamine on 11/28/2007 **(Violation No. 3)**.  The urine specimen was forwarded to a laboratory and the results are pending.  Prior to submitting the urine specimen that tested presumptive positive, the offender previously submitted a urine specimen that was observed by the Mahoney Hale urine collector to be clear (resembling water) and the temperature of the specimen failed to register on the temperature strip attached to the testing bottle.  A failed temperature reading indicates that the specimen was tampered with in an attempt to subvert the urine collection process.  The Mahoney Hale staff rejected this urine specimen.  Hence, the offender submitted another specimen that tested presumptive positive and that is pending laboratory confirmation.

**Violation No. 4 - Refused to Comply With Drug Testing That was Part of the Treatment Regimen on 8/27/2007 and 9/26/2007**:  Per Special Condition No. 1, our office referred the offender to FRS for substance abuse counseling and random drug testing.  Our office was informed by FRS that on 8/27/2007 and 9/26/2007, the offender failed to submit to drug testing at FRS.  As the offender was oriented to the requirements of the drug testing program, she is charged with refusal to comply with drug testing.

With respect to the drug test on 8/27/2007, the offender claimed that she called FRS daily and was not sure how she missed the test.  She was admonished and warned to be more careful in the future.  With respect to the drug test on 9/26/2007, the offender admitted that she relying on others at Mahoney Hale RRC to inform her of drug testing by looking on a bulletin board.  She was admonished and reminded that she must call herself daily for drug testing instructions.

**Violation No. 5 - Failed to Attend Outpatient Substance Abuse Counseling at Freedom Recovery Services on 9/18/2007 and 9/25/2007**:  As part of the treatment regimen at FRS, the offender was required to attend weekly outpatient substance abuse counseling.  On 9/18/2007 and 9/25/2007, the offender failed to attend substance abuse counseling.  When confronted, the offender stated that she was called into work for training on her days off.  She was admonished for not calling this officer first and receiving permission to miss her required counseling.  The offender was warned to miss no further counseling sessions.

Re:    **KEALOHA, Casey J.**
       **Criminal No. CR 02-00543DAE-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 3**


       **Violation No. 6 - Failed to Submit a Monthly Supervision Report for the Months of September 2007 and October 2007**:  Standard Condition No. 2 required that the offender submit a monthly supervision report within the first five days of each month.  The offender failed to submit a monthly supervision report for September 2007 and October 2007.

       This is the offender's third failure on supervised release.  The offender's recent drug use occurred while she was participating in the Mahoney Hale program.  Based on the above, we respectfully recommend that the Court issue a NO BAIL warrant for her appearance to show cause why supervised release should not be revoked.

                                        Respectfully submitted by,


                                        FRANK M. CONDELLO, II
                                        U.S. Probation Officer


Approved by:


GENE DeMELLO, JR.
Supervising U.S. Probation Officer

FMC/dck

Re:    **KEALOHA, Casey J.**
       **Criminal No. CR 02-00543DAE-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 4**


**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

      None.



ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
~~DISTRICT OF HAWAII~~

AO 245D    (Rev. 12/03)  Sheet 1 - Judgment in a Criminal Case for Revocation

FEB 1 5 2007

# United States District Court
## District of Hawaii

at 3 o'clock and ~~30~~ min. PM
SUE BEITIA, CLERK

UNITED STATES OF AMERICA

v.

**CASEY J. KEALOHA**
(Defendant's Name)

**JUDGMENT IN A CRIMINAL CASE**
(For **Revocation** of Probation or Supervised Release)

Criminal Number:     <u>1:02CR00543-001</u>
USM Number:          89987-022
**LORETTA FAYMONVILLE, AFPD**
Defendant's Attorney

## THE DEFENDANT:

[✔]    admitted guilt to violation of condition(s)   <u>Special Condition No. 1; and General Condition, Standard</u>
       <u>Condition No. 7</u>  of the term of supervision.

[ ]    was found in violation of condition(s) _____ after denial or guilt.

| **Violation Number** | **Nature of Violation** | **Date Violation Occurred** |
|---|---|---|
| See next page. | | |

The defendant is sentenced as provided in pages 2 through <u>5</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]    The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Defendant's Soc. Sec. No.:  <u>1202</u>

Defendant's Residence Address:
**Honolulu, HI 96814**

Defendant's Mailing Address:
**Honolulu, HI 96814**

FEBRUARY 13, 2007
Date of Imposition of Sentence

Signature of Judicial Officer

**DAVID ALAN EZRA**, United States District Judge
Name & Title of Judicial Officer

FEB 1 5 2007
Date

AO 245 D (Rev. 3/95) Judgment in a Criminal Case for Revocation Sheet I

CASE NUMBER:          1:02CR00543-001                                      Judgment - Page 2 of 5
DEFENDANT:            CASEY J. KEALOHA

## ADDITIONAL VIOLATION

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 | Urine specimens tested positive for marijuana | 5/3/2006, 1/17/2007 |
| 1 | Urine specimens tested positive for methamphetamine | 1/10/2007 |
| 2 | Subject admitted to using methamphetamine and marijuana | 6/11/2006 |
| 2 | Subject admitted using methamphetamine | 1/14/2007 |
| 3 | Subject refused to comply with drug testing | 8/7/2006, 10/25/2006, 11/21/2006, 12/15/2006, 1/2/2007, and 1/15/2007 |

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
　　　　　Sheet 2 - Imprisonment

CASE NUMBER:      1:02CR00543-001                                Judgment - Page 3 of 5
DEFENDANT:        CASEY J. KEALOHA

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: <u>4 MONTHS</u>

[✔]    The court makes the following recommendations to the Bureau of Prisons:
　　　FDC Honolulu. Educational and Vocational opportunities. Drug treatment.

[✔]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.
　　　[ ] at ___ on ___.
　　　[ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
　　　[ ] before _ on ___.
　　　[ ] as notified by the United States Marshal.
　　　[ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.


                                              _____
                                                    UNITED STATES MARSHAL


                                        By    _____
                                                    Deputy U.S. Marshal

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
Sheet 3 - Supervised Release

CASE NUMBER:    1:02CR00543-001
DEFENDANT:    CASEY J. KEALOHA

Judgment - Page 4 of 5

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 20 MONTHS

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

That the defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement on supervision and at least two periodic drug tests thereafter, but not more than 8 valid drug tests per month during the term of supervised release.

[ ]    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[ ]    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]    The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION
1)   the defendant shall not leave the judicial district without permission of the court or probation officer;
2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)   the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4)   the defendant shall support his or her dependants and meet other family responsibilities;
5)   the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6)   the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)   the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
Sheet 3 - Supervised Release

CASE NUMBER:    1:02CR00543-001
DEFENDANT:    CASEY J. KEALOHA

Judgment - Page 5 of 5

## SPECIAL CONDITIONS OF SUPERVISION

1) That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2) That the defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

3) That the defendant serve up to 6 months community confinement, in a residential reentry center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office. While serving the term of community confinement, the defendant shall obtain employment and/or enroll in an educational program as approved and directed by the Probation Office